**Harry A. BURNETT, Plaintiff–Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE et al., Defendants–Appellees.**

No. 04–56814.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 8, 2006.

Lloyd Edward Tooks, Esq., Law Offices of Lloyd E. Tooks, San Diego, CA, for Plaintiff–Appellant.

Donald F. Shanahan, AUSA, USSD— Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before: CUDAHY,\* GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM \*\*

■ Plaintiff Harry A. Burnett, a forensic chemist employed by the United States Drug Enforcement Agency ("DEA"), filed a complaint against the DEA and other government defendants claiming violations of his rights under the Privacy Act of 1974, 5 U.S.C. § 552a; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a); and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(a) & (b). The district court granted summary judgment to Defendants on all claims. We review de novo a district court's decision to grant summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

■ 1. Before the present case commenced, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the DEA alleging employment discrimination. An administrative judge issued an opinion denying Plaintiff's claim, based in part on a finding that Plaintiff's testimony was not credible. The DEA disclosed the administrative judge's decision to the United States Attorney's Office ("USAO"), for which Plaintiff testified as an expert witness as part of his job duties, in response to the USAO's *Giglio* Policy. See *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (requiring prosecutors to disclose to criminal defendants impeachment evidence about government witnesses). The USAO, in turn, disclosed the administrative judge's decision to a criminal defendant against whom Plaintiff was to testify.

Plaintiff argues that those disclosures violated the Privacy Act. We disagree.

Defendants demonstrated that the disclosures qualify for the "routine use" exception to the Privacy Act. 5 U.S.C. § 552a(b)(3). Thus, summary judgment on this claim was proper.

■ 2. Plaintiff further argues that a 2003 Medical Alert notification was issued by the DEA Health Services Unit in retaliation for his earlier EEO complaint. To establish a claim of retaliation under Title VII or the ADA, a plaintiff must show (1) that the employee engaged in protected activity, (2) that the employer subjected the employee to an adverse employment action, and (3) that a causal link exists between the protected activity and the adverse action. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065–66 (9th Cir.2003). The district court granted summary judgment on the ground that the record contained insufficient causation evidence, as a matter of law. After reviewing the record, we agree. The 2003 Medical Alert was preceded by two other Medical Alerts containing substantially similar recommendations, one of which predated Plaintiff's EEO activity.

3. Plaintiff's final listed issue on appeal asserts that the DEA violated the Privacy Act by disclosing the 2003 Medical Alert to Plaintiff's supervisor and laboratory director. But Plaintiff failed to elaborate on the merits of this final issue. Therefore, we decline to reach it. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (stating that issues not discussed in appellant's brief are deemed waived).

AFFIRMED.

---

\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.